**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Ruma Akhter,<br><br>                         Plaintiff,<br><br>          -v-<br><br>Compass Group USA, Inc.,<br><br>                         Defendant. | **Civ. Action #: 22-CV-02194 (JMF)(GWG)**<br><br>**OPPOSING MEMORANDUM OF LAW** |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL, ETC.**

ABDUL HASSAN LAW GROUP, PLLC
By: Abdul K. Hassan, Esq.
*Counsel for Plaintiff*
215-28 Hillside Avenue,
Queens Village, NY 11427
Tel: 718-740-1000

SERVED ON JULY 6, 2022

# TABLE OF CONTENTS

I.   PRELIMINARY STATEMENT ............................................................................................ 1

II.  ARGUMENT ................................................................................................................................ 2

1.   DEFENDANT'S MOTION SHOULD BE DENIED BECAUSE DEFENDANT FAILED TO
PROVE A MEETING OF THE MINDS AND THE EXISTENCE OF A VALID AND BINDING
AGREEMENT TO ARBITRATE – AT MINIMUM, A JURY TRIAL IS REQUIRED TO RESOLVE
THE FACTUAL DISPUTES, INCLUDING UNDER THE FAA AT 9 USC § 4 .................................. 2

(A)   DEFENDANT'S MOTION TO COMPEL ARBITRATION SHOULD BE DENIED
BECAUSE ARBITRATION IS A CREATURE OF CONTRACT AND THE ARBITRATION
PAGE "IS NOT INTENDED TO BE NOR DOES IT CONSTITUTE AN EXPRESS OR IMPLIED
CONTRACT OF ANY KIND" AS STATED IN THE ACKNOLWEDGEMNT RECEIPT ITSELF 4

(B)   DEFENDANT'S MOTION TO COMPEL ARBITRATION SHOULD BE DENIED
BECAUSE THE PLAIN LANUGAGE OF THE PURPORTED ARBITRATION PAGE STATES
THAT PLAINTIFF "MAY OPT OUT OF THIS AGREEMENT … WITHIN 30 DAYS OF
EXECUTION" AND IT IS UNDISPUTED THAT DEFENDANT NEVER EXECUTED THE
AGREEMENT AND THE OPT-OUT PERIOD NEVER STARTED TO RUN AND PLAINTIFF
WILL OPT-OUT IF NECESSARY ..................................................................................................... 7

III.  CONCLUSION .......................................................................................................................... 12

i

## I.    PRELIMINARY STATEMENT

Plaintiff Ruma Akhter ("Plaintiff" or "Akhter"), respectfully submits the instant memorandum of law in opposition to the motion of Defendant Compass Group USA, Inc. ("Defendant" or "Compass Group"), to compel arbitration of Plaintiff's wage claims.

By way of background, Plaintiff was employed by Defendant from on or about September 27, 2021 to on or about February 21, 2022. (Pl. Decl. ¶ 3). Plaintiff filed the instant action on March 16, 2022 – asserting claims for overtime wages and liquidated damages as well as claims for wage notice and wage statement violations under NYLL, etc. (ECF No. 1). On May 23, 2022, Defendant filed a motion seeking to compel arbitration. (See ECF Nos. 14-17). Defendant's motion should be denied in its entirety and with prejudice for several compelling reasons.

First, **D**efendant's motion to compel arbitration should be denied because arbitration is a creature of contract and the arbitration page/document "is not intended to be nor does it constitute an express or implied contract of any kind" as stated in the acknowledgment and receipt itself and as further explained below based on applicable law.

Second, Defendant's motion to compel arbitration should be denied because the plain language of the purported arbitration page/document states that Plaintiff "may opt out of this agreement … within 30 days of execution" and it is undisputed that Defendant never executed the purported arbitration agreement and the opt-out period never started to run and Plaintiff will opt out in any event, if Defendant executes the purported Agreement – assuming that is even possible at this stage.

At minimum, Plaintiff is entitled to a jury trial including under the Federal Arbitration Act ("FAA") at 9 USC § 4, to whether there was a meeting of the minds – including as to execution date etc., and whether there is a valid and binding agreement requiring arbitration. A

1

reasonable jury can easily and reasonably conclude that the execution date of the purported

agreement is the date as of which it is signed by all parties – the universal and well settled

understanding – in fact, it would be highly unreasonable for a jury to believe otherwise.

Similarly, a reasonable jury can easily and reasonably conclude that there was no meeting of the

minds or contract in light of the statement in the acknowledgement receipt that the documents –

including the arbitration page, do not constitute a contract of any kind. In fact, it would be

unreasonable for a judge or jury to conclude otherwise.

This is especially so where under the summary judgment standard applicable to a motion

to compel arbitration, all reasonable inferences must be drawn in Plaintiff's favor, all ambiguities

resolved in Plaintiff's favor and where Defendant has another and higher burden of proving the

knowing, intentional, and unambiguous waiver of the constitutional right to a jury trial.

## II.   ARGUMENT

### 1.   DEFENDANT'S MOTION SHOULD BE DENIED BECAUSE DEFENDANT FAILED TO PROVE A MEETING OF THE MINDS AND THE EXISTENCE OF A VALID AND BINDING AGREEMENT TO ARBITRATE – AT MINIMUM, A JURY TRIAL IS REQUIRED TO RESOLVE THE FACTUAL DISPUTES, INCLUDING UNDER THE FAA AT 9 USC § 4

While in most cases it is not clear what standard courts and parties are applying to

motions to compel arbitration, the correct standard is the summary judgment standard and

Plaintiff intends to hold Defendant to that standard. See i.e. *Nicosia v. Amazon.com, Inc.*, 834

F.3d 220, 229 (2d Cir. 2016). In other words, Defendant must prove the existence of a valid and

binding arbitration agreement and that it is otherwise entitled to arbitrate, and it must also

establish the absence of any genuine dispute of material fact. Moreover, under the applicable

summary judgment standard, the evidence must be viewed in the light most favorable to the non-

movant, and all reasonable inferences must be drawn in favor of the non-moving party. As such,

the applicable summary judgment standard is a very tough one indeed, and precisely why very

few motions for summary judgment are granted at the pre-answer stage of the proceedings.

Because the arbitration at issue here requires the waiver of the Constitutional right to a

jury trial, Defendant must not only show the existence of such an agreement/waiver, it must also

show that such a waiver was knowing, voluntary and intelligent. *Brady v. United States*, 397

U.S. 742, 748, 90 S. Ct. 1463, 1469, 25 L. Ed. 2d 747 (1970) ("Waivers of constitutional rights

not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness

of the relevant circumstances and likely consequences."). *Nat'l Equip. Rental, Ltd. v. Hendrix*,

565 F.2d 255, 258 (2d Cir. 1977) ("It is elementary that the Seventh Amendment right to a jury is

fundamental and that its protection can only be relinquished knowingly and intentionally. Indeed,

a presumption exists against its waiver.). The Appellate Division in *Waldman v. Cohen*, 125

A.D.2d 116, 121–22 (1987), stated in relevant part as follows:

> The right to trial by jury is a fundamental one, and the courts indulge every
> reasonable presumption against waiver (Aetna Ins. Co. v. Kennedy, 301 U.S. 389,
> 57 S.Ct. 809, 81 L.Ed. 1177). This basic right guaranteed by the State
> Constitution and implemented by statutory mandate is one of substance and not
> mere form or procedure.

Significantly, especially at this stage of the proceedings, Defendant must meet its very

high burdens of proof by also showing an absence of any genuine dispute of material fact and

doing so at the pre-answer stage is rare. All reasonable inferences must be drawn in favor of

Plaintiff.

Moreover, as the Supreme Court recently reminded the lower courts, those portions of the

FAA that do not favor arbitration are just as important as the parts that do favor arbitration,

regardless of the hope and desires of the parties and the Court. See i.e. *New Prime Inc.*139 S. Ct.

at 535 (2019)('Courts, however, are not free to pave over bumpy statutory texts in the name of

more expeditiously advancing a policy goal. Rather, the Court should respect "the limits up to which Congress was prepared" to go when adopting the Arbitration Act.'). More specifically, there is no policy favoring arbitration where there is no agreement or binding agreement requiring arbitration. Likewise, there is no policy requiring the granting of a motion to compel arbitration where there are material issues of fact that require a jury trial under the plain language of the FAA at 9 USC § 4.

### (A)DEFENDANT'S MOTION TO COMPEL ARBITRATION SHOULD BE DENIED BECAUSE ARBITRATION IS A CREATURE OF CONTRACT AND THE ARBITRATION PAGE "IS NOT INTENDED TO BE NOR DOES IT CONSTITUTE AN EXPRESS OR IMPLIED CONTRACT OF ANY KIND" AS STATED IN THE ACKNOLWEDGEMNT RECEIPT ITSELF

In her declaration, Ms. Demetra Bell testifies on behalf of Defendant as follows (ECF No. 17, ¶ 6):

> Whether the applicant decides to complete the process at home or on the worksite, they are asked to read and acknowledge receipt of various policies and other employment documents, including an arbitration agreement.

Notably, it does not appear that Defendant provided the Court with the acknowledgement receipt mentioned by Ms. Bell above, but the acknowledgement receipt that covers the arbitration page in Exhibit 1 (Pl. Decl. ¶ 5; Ex. 1), states in relevant part as follows (Pl. Decl. Ex. 2):

> THIS HANDBOOK IS NOT INTENDED TO BE NOR DOES IT CONSTITUTE AN EXPRESS OR IMPLIED CONTRACT OF ANY KIND IN FAVOR OF ASSOCIATES NOR SHALL ANY ASSOCIATE OR APPLICANT FOR EMPLOYMENT HAVE ANY CONTRACTUAL RIGHTS, CLAIMS OR PRIVILEGES AGAINST THE COMPANY BY VIRTUE OF THIS HANDBOOK.

This type of language was also at issue in another case[1] in this courthouse. In that case, District Judge Gardephe stated in relevant part as follows concerning the impact on the purported arbitration agreement of similar language stating there was no contract (*Balde v. Town Sports International, LLC*, SDNY Case No. 18-cv-01467, ECF No. 23, pg. 5:24-25-6:1-8):

> Point two is the language that's just been cited by Mr. Hassan which says quite clearly that there is no employment contract of any sort, either express or implied, between the defendant and the plaintiff. So that's point two. I'm concerned because in order for me to either grant a motion to dismiss or a motion to compel arbitration, there is going to have to be significant clarity on both of those points such that I can rule as a matter of law. And I'm concerned, based on what I've seen so far, about whether I'm going to be able to do that.

> (Balde Tr. pg 7:9-11) - The second problem is that the document on which the defendant relies says quite clearly there is no contract between the parties.

Similarly, the United States Court of Appeals in *Lorenzo v. Prime Commc'ns, L.P.,* 806 F.3d 777, 779–80 (4th Cir. 2015), stated in relevant part as follows:

> When, about two months later, Prime Communications located a copy of the acknowledgment form that Lorenzo had signed and asked the district court to reconsider its ruling denying arbitration, the court refused to change its position because "the acknowledgment [form] explicitly state[d] that the handbook does not create a contract." While the Supreme Court has acknowledged a liberal policy favoring arbitration,

> ... it has also consistently held that § 2 of the FAA reflects the fundamental principle that arbitration is a matter of contract. (Citations omitted).

Additionally, in *Morgan v. Raymours Furniture Co.*, 443 N.J. Super. 338, 343, 128 A.3d 1127, 1130–31 (App. Div.), cert. denied, 137 S. Ct. 204, 196 L. Ed. 2d 132 (2016), the Court stated in relevant part as follow:

> By inserting such a waiver provision in a company handbook, which, at the time, the employer insisted was not "promissory or contractual," an employer cannot expect—and a court, in good conscience, will not conclude—that the employee clearly and unambiguously agreed to waive the valued right to sue.

---

[1] See *Balde v. Town Sports International, LLC*, 18-cv-01467, ECF No. 23, (Judge Gardephe). Defendant in *Balde* did not move forward with their motion to compel arbitration.

5

Like the state of New Jersey, New York also requires a showing "that the employee clearly and unambiguously agreed to waive the valued right to sue." In this regard, the cases above point out the obvious fact that a provision stating that a document is not a contract, cannot possibly mean or unequivocally mean the opposite of what it says. As such, because arbitration is a matter of contract, and because there is no contract to arbitrate in this case, especially given the provision here that states that the document is not a contract, Defendant's motion to compel arbitration must be denied.

At minimum, a jury trial is requested on all issues of fact concerning the purported arbitration page/agreement, including but not limited to all issues of material facts as to whether there was a meeting of the minds and whether there is a valid and binding agreement requiring arbitration. A reasonable jury can easily and reasonably conclude that there was no meeting of the minds or contract in light of the statement in the acknowledgement receipt that the documents – including the arbitration page, do not constitute a contract of any kind. In fact, it would be unreasonable to conclude otherwise. Prior to such a trial, Plaintiff would be entitled to discovery on the issues raised herein, to test the testimony/credibility, representations and contradictions of Defendant, etc. See i.e. *Gomez v. Winn Management Group LLC*, Case No. 18-CV-8559, ECF No. 21 (SDNY - June 3, 2019 – Judge Furman)("Drawing all reasonable inferences in Plaintiff's favor, such evidence would permit a reasonable factfinder to disregard the training log and the other evidence offered by Defendant — including the signed agreement — and find that Plaintiff did not sign the agreement, which would of course mean he is not obligated to arbitrate."). *Meyer v. Uber Techs., Inc.*, 868 F.3d 66, 76 (2d Cir. 2017) ("Insofar as it turns on the reasonableness of notice, the enforceability of a web-based agreement is clearly a fact-intensive inquiry. See Schnabel, 697 F.3d at 124."). See *Nicosia v. Amazon.com, Inc.,* 384 F.

6

Supp. 3d 254 (E.D.N.Y. 2019), aff'd, 815 F. App'x 612 (2d Cir. 2020)("Under the FAA, such

questions must be submitted to trial. See 9 U.S.C. § 4"); *Ayad v. PLS Check Casher of New York,*

*Inc.*, No. 20CV01039CBACLP, 2021 WL 4272472,  (E.D.N.Y. Sept. 21, 2021)(denying motion

to compel arbitration and requiring jury trial on arbitration issues).

### (B) DEFENDANT'S MOTION TO COMPEL ARBITRATION SHOULD BE DENIED BECAUSE THE PLAIN LANUGAGE OF THE PURPORTED ARBITRATION PAGE STATES THAT PLAINTIFF "MAY OPT OUT OF THIS AGREEMENT … WITHIN 30 DAYS OF EXECUTION" AND IT IS UNDISPUTED THAT DEFENDANT NEVER EXECUTED THE AGREEMENT AND THE OPT-OUT PERIOD NEVER STARTED TO RUN AND PLAINTIFF WILL OPT-OUT IF NECESSARY

There is no agreement to arbitrate under the plain language of purported arbitration

document. The purported arbitration page/agreement states in relevant part as follows (Pl. Decl.

Ex. 1):

> I may opt out of this Agreement by sending written correspondence via certified mail to: Office of General Counsel, 2400 Yorkmont Road, Charlotte, NC 28217 clearly and unambiguously indicating that I opt out of the Agreement. Correspondence must be received within 30 days of execution of this Agreement, and if not, this Agreement is binding.

We note that when Defendant quoted the opt out provision on page 2 of its memorandum

it omitted the "within 30 days of execution" language although it quotes the language before and

after – because that language is fatal to Defendant's motion. In this regard, it is well settled that

the date of execution of an agreement or contract is the date as of which all parties have signed.

See i.e. https://www.contractscounsel.com/b/executed-contract ("The execution date of an

executed contract is the date that all parties placed their signature on the hard copy of the

agreement."). https://www.lawdepot.com/blog/what-does-effective-date-mean-in-a-contract/

("The execution date is the day both parties sign the contract…"). In the case of electronic signatures, the execution date would be the date as of which all parties sign electronically.

In Plaintiff's counsel's over two decades of actively practicing law and litigating cases and dealing with other attorneys and judges as to thousands of agreements, it is my understanding and recollection that the universal view of lawyers and judges is that a contract is considered executed when it is signed by all parties – this view is therefore a very reasonable one that can be easily adopted by a reasonable jury. Relatedly, when language is used to mean execution by fewer than all parties, such is made explicit. For example, in a settlement agreement in another case negotiated by the Plaintiff's attorney (Hassan) and Defendant's attorney (Clark) in this case, we specifically stated in the agreement that the time for payment will begin to run after Plaintiff signed – as opposed to when all parties signed. (*Budh Ram v. Staples Inc.*, Index No. 708207/2018). Notably, Plaintiff also holds the well settled view that execution date is the date as of which all parties sign the document. (Pl. Decl. ¶ 9).

As such, the time to opt out has not yet started to run and the purported agreement/page is not yet binding on Plaintiff or anyone under its plain terms. If Defendant was to execute the purported arbitration page/agreement, Plaintiff would exercise her option to opt out.

Defendant appears to deliberately avoid the issue of it not executing the arbitration agreement – even though it is quite odd for a party to rely on an unexecuted agreement. However, when Plaintiff's counsel asked back in April 2022 whether Defendant executed the purported arbitration agreement, Defense counsel responded as follows (Hassan Decl. ¶ 3):

> I don't believe there is a copy of the arbitration executed by the company, but that fact does not invalidate the arbitration agreement.

However, the fact that Defendant never executed the purported arbitration agreement is fatal to Defendant's motion to compel arbitration because the plain language of the purported

agreement/page states that Plaintiff can opt out within 30 days of execution of the purported agreement/page and that the agreement/page is not binding if she opts out – because Defendant never executed the purported agreement/page, the opt-out time never started to run and the purported agreement is therefore not binding.

In *Winston v. Mediafare Ent. Corp.,* 777 F.2d 78, 80–81 (2d Cir. 1985), the Second Circuit stated in relevant part as follows:

> if either party communicates an intent not to be bound until he achieves a fully executed document, no amount of negotiation or oral agreement to specific terms will result in the formation of a binding contract. R.G. Group, 751 F.2d at 74. Because of this freedom to determine the exact point at which an agreement becomes binding, a party can negotiate candidly, secure in the knowledge that he will not be bound until execution of what both parties consider to be final document.

Although, in unique circumstances – not present here, a jury can weigh the facts and contentions and find a binding contract in the absence of signature of all parties, here the language of the purported agreement/page specifically requires execution – which it is well settled requires signature of all parties, followed by an opt-out period before the purported agreement/page can become binding. Although the current formulation of the opt out provision is not strictly required[2], it is what is contained in the purported agreement/page and it is what controls, assuming there is otherwise a valid contract. By way of further example, if the provision allowed Plaintiff to opt out within thirty days after the next leap year before the purported agreement/page would become valid and binding, then that timeline would control even though the FAA does not have a leap year requirement – it is the purported agreement/page that would control.

---

[2] The modern trend is to include an opt out provision because mandatory arbitration provisions are increasingly viewed as unlawful. For example, although an employee can waive the right to a judicial forum that is provided under the FLSA and NYLL, terminating an employee or denying employment because of such a refusal of protected activity, can easily qualify as unlawful retaliation under these statutes.

In *McFarlane v. Altice USA, Inc.*, 524 F. Supp. 3d 264, 274 (S.D.N.Y. 2021), Judge

Furman stated in relevant part as follows:

> Under Section 4 of the Act, a party to "a written agreement for arbitration" may
> petition a district court "for an order directing that such arbitration proceed in the
> manner provided for in such agreement." *Id.* § 4. To decide "whether the parties
> agreed to arbitrate," a court must then apply "ordinary state-law principles that
> govern the formation of contracts." *First Options of Chi., Inc. v. Kaplan*, 514 U.S.
> 938, 944, 115 S.Ct. 1920, 131 L.Ed.2d 985 (1995). Significantly, the FAA was
> intended "to make arbitration agreements as enforceable as other contracts, *but
> not more so.*" *Volt Info. Scis., Inc. v. Bd. of Trs. of Leland Stanford Junior Univ.*,
> 489 U.S. 468, 478, 109 S.Ct. 1248, 103 L.Ed.2d 488 (1989) (emphasis added)
> (internal quotation marks omitted). Thus, "the FAA does not require parties
> to arbitrate when they have not agreed to do so." *Id.* Nor does it
> require arbitration when, under generally applicable principles of state law, the
> agreement would be unenforceable. *See, e.g.*, *Perry v. Thomas*, 482 U.S. 483, 492
> n.9, 107 S.Ct. 2520, 96 L.Ed.2d 426 (1987); *Mitsubishi Motors Corp. v. Soler
> Chrysler-Plymouth, Inc.*, 473 U.S. 614, 627, 105 S.Ct. 3346, 87 L.Ed.2d 444
> (1985); *see also Doctor's Assocs. Inc. v. Casarotto*, 517 U.S. 681, 687, 116 S.Ct.
> 1652, 134 L.Ed.2d 902 (1996).

As Judge Furman stated above, "the FAA does not require parties to arbitrate when they

have not agreed to do so." Here, there is no binding agreement requiring arbitration because the

conditions set forth in the purported arbitration agreement/page for it to be binding – execution

(by all parties), followed by an opt out period have not been met because Defendant never

executed the agreement/page and the opt-out period never started to run.

At minimum, Plaintiff is entitled to a jury trial as to whether there was a meeting of the

minds – including as to execution date etc., and whether there was a binding agreement/page to

arbitrate. A reasonable jury can easily and reasonably conclude that the execution date of an

agreement is the date as of which it is signed by all parties – the universal and well settled

understanding – in fact, it would be highly unreasonable for a jury to believe otherwise. See i.e.

*Gomez v. Winn Management Group LLC*, Case No. 18-CV-8559, ECF No. 21 (SDNY - June 3,

2019 – Judge Furman)("Drawing all reasonable inferences in Plaintiff's favor, such evidence

would permit a reasonable factfinder to disregard the training log and the other evidence offered by Defendant — including the signed agreement — and find that Plaintiff did not sign the agreement, which would of course mean he is not obligated to arbitrate."). *Meyer v. Uber Techs., Inc.*, 868 F.3d 66, 76 (2d Cir. 2017) ("Insofar as it turns on the reasonableness of notice, the enforceability of a web-based agreement is clearly a fact-intensive inquiry. See Schnabel, 697 F.3d at 124."). See *Nicosia v. Amazon.com, Inc.,* 384 F. Supp. 3d 254 (E.D.N.Y. 2019), aff'd, 815 F. App'x 612 (2d Cir. 2020)("Under the FAA, such questions must be submitted to trial. See 9 U.S.C. § 4"); *Ayad v. PLS Check Casher of New York, Inc.*, No. 20CV01039CBACLP, 2021 WL 4272472,  (E.D.N.Y. Sept. 21, 2021)(denying motion to compel arbitration and requiring jury trial on arbitration issues).

However, even though at minimum, Plaintiff is entitled to a jury trial, Plaintiff is first and foremost entitled to an outright denial of Defendant's motion to compel and a ruling that there is no binding agreement requiring arbitration in this case under the summary judgment standard, for several compelling reasons.

First, it is the universal and well settled understanding that the execution date of a contract is the date as of which it is signed/executed by all parties – and any other interpretation is unreasonable.

Second, the issue of the execution date is material, but Defendant has failed to even address this issue and failed to make out a prima facie case as a result, under the summary judgment standard that applies to a motion to compel – even though the issue of Defendant not executing the purported agreement/page was raised with Defendant before the motion to compel arbitration was filed. (Hassan Decl. ¶ 3).

Third, Defendant has failed to put forth affidavit/sworn testimony from anyone with personal knowledge putting forth a different understanding of execution date and explaining why Defendant never executed the purported arbitration agreement – Defendant has therefore failed to contradict Plaintiff on these material points and the time to do so is not in reply papers. Notably, an affidavit from legal counsel who does not have personal knowledge of the relevant and material facts and circumstances as to why Defendant did not sign/execute the purported agreement/page and Defendant's understanding of execution date, does not have any probative value and is a nullity. Here, the affirmation of defense counsel who lacked personal knowledge is of no probative value as to alleged contract formation. *Zuckerman v. City of New York*, 49 N.Y.2d 557, 563, 404 N.E.2d 718, 720 (1980). *Tower Ins. Co. of New York v. Zaroom*, 145 A.D.3d 556, 557, 44 N.Y.S.3d 32, 33 (1st Dep't, 2016).

## III.     CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that this Honorable Court: 1) deny Defendants' motion to compel arbitration in its entirety and with prejudice; and 2) grant Plaintiff such other, further and different relief in Plaintiff's favor as this Court deems just and proper.

Dated: Queens Village, New York
　　　July 6, 2022

Respectfully submitted,

Abdul Hassan Law Group, PLLC
　/s/ Abdul Hassan　　　　　　　
By: Abdul K. Hassan, Esq. (AH6510)
*Counsel for Plaintiff Ruma Akhter*
215-28 Hillside Avenue, Queens Village, NY 11427
Tel: 718-740-1000 - Fax: 718-740-2000
Email: abdul@abdulhassan.com