```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
RUMA AKHTER,                                                           :
                                                                       :
                              Plaintiff,                               :
                                                                       :           22-CV-2194 (JMF)
               -v-                                                     :
                                                                       :           MEMORANDUM OPINION
COMPASS GROUP USA, INC.,                                               :              AND ORDER
                                                                       :
                              Defendant.                               :
                                                                       :
-----------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

On March 16, 2022, Plaintiff Ruma Akhter filed this suit against her former employer, Compass Group USA, Inc. ("Compass"), alleging that it had violated the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, and New York Labor Law, N.Y. Lab. L. § 650 *et seq.*, by failing to pay her overtime wages. *See* ECF No. 1. Compass now moves to compel arbitration, arguing that Akhter's claims fall within the scope of a mandatory arbitration agreement (the "Arbitration Agreement") that she had signed on her first day of work. *See* ECF No. 15 ("Def.'s Mem."), at 2; *see also* ECF No. 17-1 ("Arb. Agrmt."). Significantly, Akhter concedes that she electronically signed the Arbitration Agreement. *See* ECF No. 21 ("Pl.'s Decl."), ¶ 5. And she does not dispute that the Agreement, if it is valid and enforceable, applies to her claims here. But she nonetheless resists arbitration on two grounds. First, she contends that the Arbitration Agreement is unenforceable because she signed it together with a form (the "Handbook Receipt") acknowledging receipt of the employee handbook (the "Employee Handbook"), which contained a contract disclaimer. *See* ECF No. 20 ("Pl.'s Opp'n"), at 4-7. Second, citing a provision allowing her to opt out of the Arbitration Agreement "within 30 days" of its "execution," she insists that the opt-out period has not yet run (or even started) because the

Arbitration Agreement was not executed by Compass (and that she would opt out if Compass signed it now).  *See id.* at 7-12.  Neither of these arguments survives scrutiny.

First, it is true that Akhter electronically signed the Arbitration Agreement and the Handbook Receipt on the same day and that the latter contained a contract disclaimer.  *See* Pl.'s Decl., Ex. 2 ("THIS HANDBOOK IS NOT INTENDED TO BE NOR DOES IT CONSTITUTE AN EXPRESS OR IMPLIED CONTRACT OF ANY KIND . . . .  NOTHING IN THIS HANDBOOK IS INTENDED TO CREATE ANY TYPE OF AGREEMENT FOR EMPLOYMENT . . . .").  But these facts have no bearing on the enforceability of the Arbitration Agreement, which is a single page, standalone document, contains no cross-references to the Employee Handbook, and includes the following unambiguous statement in capital letters immediately above Akhter's signature: "I HAVE READ, UNDERSTAND, AND AGREE TO BE LEGALLY BOUND TO ALL OF THE ABOVE TERMS.  I UNDERSTAND THAT THIS AGREEMENT REQUIRES ME TO ARBITRATE . . . ANY AND ALL DISPUTES THAT ARISE OUT OF MY EMPLOYMENT."  Arb. Agrmt.  Moreover, Akhter's unsworn and conclusory assertion that the Arbitration Agreement "was not separate from" the Handbook Receipt "and was covered by the contract disclaimer," ECF No. 30 ("Pl.'s Sur-Reply"), at 4, is belied by the record.  Among other things, an electronic log submitted by Compass shows that the Arbitration Agreement was generated and signed by Akhter before the Employee Handbook and Handbook Receipt were generated and the latter signed.  *See* ECF No. 17-2.

Notably, under nearly identical circumstances, the Second Circuit recently rejected precisely the argument that Akhter presses here, that signed arbitration agreements were "not binding because they were provided in routinely issued employee handbooks that contained contractual disclaimers."  *Ngo v. Oppenheimer & Co, Inc.*, 834 F. App'x 675, 676 (2d Cir. 2021) (summary order).  The Court of Appeals reasoned that the arbitration agreements were

enforceable because the plaintiffs had "executed the arbitration agreements separate and apart from acknowledging receipt of the employee handbooks." *Id.*; *see also, e.g.*, *Patterson v. Tenet Healthcare, Inc.*, 113 F.3d 832, 835 (8th Cir. 1997).  So too here.  Akhter urges the Court to disregard *Ngo* because it is an "unpublished and non-binding summary order."  Pl.'s Sur-Reply 3.  "But a district judge is not at liberty to disregard, let alone contradict, a Second Circuit ruling squarely on point merely because it was rendered in a summary order."  *Boone v. United States*, No. 02-CR-1185 (JMF), 2017 WL 398386, at *1 (S.D.N.Y. Jan. 30, 2017) (cleaned up); *see also United States v. Payne*, 591 F.3d 46, 58 (2d Cir. 2010) ("[D]enying summary orders precedential effect does not mean that the court considers itself free to rule differently in similar cases.").  And regardless, the logic of the *Ngo* decision is unassailable and squarely applicable here.  By contrast, the cases cited by Akhter, *see* Pl.'s Opp'n 5 (citing Transcript, *Balde v. Town Sports Int'l, LLC*, No. 18-CV-1467, ECF No. 23 (S.D.N.Y. May 3, 2018); *Morgan v. Raymours Furniture Co.*, 128 A.3d 1127, 1130 (N.J. App. 2016)), are easily distinguished because, in each one of them, the court found that the arbitration agreement was actually incorporated into the employee handbook containing a disclaimer.

Akhter's second argument — that the Arbitration Agreement's opt-out period has not yet run (or even started) because Compass did not execute it, Pl.'s Opp'n 7-12, — earns points for lawyerly creativity, but is equally meritless.[1]  The Arbitration Agreement called for only one

---

[1] Compass argues that "interpretation of the term 'execution' in the opt-out clause . . . is a matter delegated to the arbitrator."  ECF No. 27 ("Def.'s Reply"), at 6 (capitalization altered).  But a delegation clause in an arbitration agreement can be enforced only *after* the Court determines that the parties entered into a valid and enforceable contract, *see Micheli & Shel, LLC v. Grubhub Inc.*, No. 21-CV-4995 (JMF), 2022 WL 622828, at *4 (S.D.N.Y. Mar. 1, 2022), and "[w]hether or not Plaintiff assented to the Arbitration [Agreement] — including the delegation clause — is wholly contingent on whether or not [s]he successfully opted out of the Arbitration [Agreement]," *Mendez v. LoanMe, Inc.*, No. 20-CV-00002, 2020 WL 6044098, at *3 (S.D. Cal. Oct. 13, 2020).  Accordingly, the issue is for the Court, not an arbitrator, to resolve.

signature: Akhter's.  And it is well established under New York law that an arbitration agreement need not be signed by an employer to be enforceable against the employee.  *See, e.g.*, *Reyes v. Gracefully, Inc.*, No. 17-CV-9328 (VEC), 2018 WL 2209486, at *3 n.3 (S.D.N.Y. May 11, 2018) (finding that it was "immaterial" that the employer had not signed an arbitration agreement because the employer "is not the party seeking to avoid arbitration"); *Valdes v. Swift Transp. Co.*, 292 F. Supp. 2d 524, 531 (S.D.N.Y. 2003) ("[D]efendant had no obligation to sign the employment application to make the arbitration provision enforceable.").  In fact, an arbitration agreement can be enforced against an employee without her signature at all, if, for example, the employee "received the mailing that contained [the agreement], continued with her employment, and did not opt out of arbitration." *Manigault v. Macy's E., LLC*, 318 F. App'x 6, 8 (2d Cir. 2009) (summary order).  In the face of this authority, all Akhter can muster in support of her argument that "executed" means signed by both parties are two blog posts and "Plaintiff's counsel's" self-declared "understanding and recollection" of the law, derived from "over two decades of actively practicing law."  Pl.'s Opp'n 7-8.  That is a thin reed indeed.

It is true, as Akhter notes, *see* Pl.'s Sur-Reply 2, that if either party to a contract "communicates an intent not to be bound until he achieves a fully executed document, no amount of negotiation or oral agreement to specific terms will result in the formation of a binding contract." *Winston v. Mediafare Ent. Corp.*, 777 F.2d 78, 80 (2d Cir. 1985).  But there is zero evidence in the record that either party "communicate[d] an intent not to be bound" until Compass also signed the Agreement.  In fact, all signs point to the opposite conclusion.  The Arbitration Agreement, which Compass drafted and routinely required its employees to sign, does not even have a line for Compass's signature.  Instead, it requires only the employee's signature and states, on the bottom, that the form should be "retain[ed] in [the] employee personnel file."  Arb. Agrmt.  Moreover, the certification that Akhter signed — that she "read,

4

underst[oo]d, and agree[d] to be legally bound to all of the above terms" — is unambiguous and unconditional; it is certainly not contingent on Compass's countersignature.  Arb. Agrmt. Accordingly, Akhter's opt-out period began when she executed the Agreement and agreed to be bound by its terms, and — per the provision's plain terms — it expired thirty days later.  As Akhter does not dispute that she failed to opt out of the Arbitration Agreement in that time frame, it follows that the opt-out period has ended and Akhter is bound by the Agreement.

In short, the Court concludes that Akhter's arguments in opposition to Compass's motion to compel arbitration are without merit.  Accordingly, Compass's motion must be and is GRANTED.  Additionally, because Compass requests a stay, the action must be and is stayed pending resolution of the arbitration.  *See* 9 U.S.C. § 3 ("[T]he court . . . , upon being satisfied that the issue involved in such suit or proceeding is referrable to arbitration . . . , *shall* on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." (emphasis added)); *Katz v. Cellco P'ship*, 794 F.3d 341, 345 (2d Cir. 2015) ("We join those Circuits that consider a stay of proceedings necessary after all claims have been referred to arbitration and a stay requested.").  That said, the Court sees no reason to keep the case open pending arbitration.  Accordingly, the Clerk of Court is directed to **terminate ECF No. 14** and to **administratively close the case**, without prejudice to either side moving by letter motion to reopen the case **within thirty days of the conclusion of the arbitration proceedings.**

SO ORDERED.

Dated: September 30, 2022
       New York, New York

_____
JESSE M. FURMAN
United States District Judge

5