```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
                                                               :
RUMA AKHTER,                                                   :
                                                               :
                              Plaintiff,                       :
                                                               :       22-CV-2194 (JMF)
              -v-                                              :
                                                               :       MEMORANDUM OPINION
COMPASS GROUP USA, INC.,                                       :       AND ORDER
                                                               :
                              Defendant.                       :
                                                               :
---------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

On September 30, 2022, the Court entered a Memorandum Opinion and Order (the "Opinion"), familiarity with which is presumed, granting Defendant Compass Group USA, Inc.'s motion to compel arbitration of Plaintiff Ruma Akhter's claims. *See Akhter v. Compass Grp. USA, Inc.*, No. 22-CV-2194 (JMF), 2022 WL 4638635 (S.D.N.Y. Sept. 30, 2022) (ECF No. 32). Akhter now moves, pursuant to Local Civil Rule 6.3, for reconsideration, arguing that the Court erred in granting the motion because there are disputes of material fact with respect to (1) whether the contract disclaimer contained in a document acknowledging receipt of an employee handbook covers the arbitration agreement; and (2) whether the parties entered an enforceable arbitration agreement in the first place insofar as it was executed by Akhter alone. *See* ECF No. 33; *see also* ECF No. 34 ("Pl.'s Mem.").

Local Civil Rule 6.3, like Rule 59 of the Federal Rules of Civil Procedure, "permits a party to move for reconsideration based on matters or controlling decisions which [the party] believes the court has overlooked." *Space Hunters, Inc. v. United States*, 500 F. App'x 76, 81 (2d Cir. 2012) (summary order) (cleaned up). Significantly, however, a motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new

theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (internal quotation marks omitted). "[T]he standard for granting [a motion for reconsideration] is strict." *Id*. Thus, a motion will be granted "only where the movant identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *United States v. Brown*, No. 21-122, 2021 WL 5872940, at *1 (2d Cir. Dec. 13, 2021) (summary order) (internal quotation marks omitted).

      Measured against these strict standards, Akhter's motion for reconsideration falls short. It is true that the Court did not explicitly mention the summary judgment standard in its Opinion, but the upshot of its analysis was that, even drawing "all reasonable inferences in favor of" Akhter, there was no "disputed question of material fact" calling for trial, *Barrows v. Brinker Rest. Corp.*, 36 F.4th 45, 49 (2d Cir. 2022), and nothing in Akhter's motion casts doubt on that holding. With respect to the Court's first conclusion — that the contract disclaimer in the employee handbook receipt did not apply to the arbitration agreement because the latter was a separate document, *see Akhter*, 2022 WL 4638635, at *1 — Akhter points to her Declaration, in which she affirms her "understanding" that the receipt "cover[ed]" the arbitration agreement, Pl.'s Mem. 9-10 (quoting ECF No. 21, ¶ 5). But, for reasons the Court explained in its prior Opinion, Akhter's subjective "understanding" is belied by the record, including the plain language of the relevant documents and the fact that "the Arbitration Agreement was generated and signed by Akhter before the Employee Handbook and Handbook Receipt were generated and the latter signed." *Akhter*, 2022 WL 4638635, at *1; *see Ngo v. Oppenheimer & Co, Inc.*, 834 F. App'x 675, 676 (2d Cir. 2021) (summary order) (holding that arbitration agreements were enforceable, despite "employee handbooks that contained contractual disclaimers," because the

2

plaintiffs had "executed the arbitration agreements separate and apart from acknowledging receipt of the employee handbooks").

Akhter's arguments with respect to the Court's second conclusion — that the arbitration agreement was valid and enforceable based on her signature alone, *see Akhter*, 2022 WL 4638635, at *2 — fare no better. Under New York law, "[t]he best evidence of what parties to a written agreement intend is what they say in their writing," *Greenfield v. Philles Recs., Inc.*, 780 N.E.2d 166, 170 (N.Y. 2002), and here, for the reasons explained by the Court in its Opinion, that evidence pointed to only one objectively reasonable conclusion: that the arbitration agreement was enforceable upon Akhter's signature alone, *see Akhter*, 2022 WL 4638635, at *2. Neither Akhter's "subjective understanding of the situation" nor her counsel's experience in other cases — the "facts" to which Akhter points in her motion for reconsideration, *see* Pl's Mem. 4-7 — can "defeat [her] objective manifestation of assent to the agreement's plain language." *Fantastic Indus., Inc. v. Kryman*, No. 20-CV-2402 (ERK), 2021 WL 2809979, at *3 (E.D.N.Y. July 6, 2021); *see also id.* (citing cases).

The Court has considered all of Akhter's arguments for reconsideration and finds that they are without merit. Accordingly, the motion must be and is DENIED.

The Clerk of Court is directed to terminate ECF No. 33.

SO ORDERED.

Dated: November 9, 2022
      New York, New York

                                                JESSE M. FURMAN
                                                United States District Judge